UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| DONNA G. SANCHEZ, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERCANTILE ADJUSTMENT BUREAU, LLC,<br><br>Defendant. | CLASS ACTION COMPLAINT<br><br>CASE NO. 6:18-cv-00044<br><br>DEMAND FOR JURY TRIAL |

## CLASS ACTION COMPLAINT

NOW comes DONNA G. SANCHEZ ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), on behalf of herself and all others similarly situated, complaining as to the conduct of MERCANTILE ADJUSTMENT BUREAU, LLC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this this class action on behalf of herself and numerous other individuals pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* and the Texas Debt Collection Act ("TDCA") under Tex. Fin. Code Ann. § 392 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692k(d) and 28 U.S.C. §§1331 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conduct business in the Northern District of Texas and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Texas.

**PARTIES**

4. Plaintiff is a 48 year old natural "person," as defined by 47 U.S.C. §153(39), residing in San Angelo, Texas, which lies within the Northern District of Texas.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a, because she is a natural person obligated or allegedly obligated to pay any debt arising out of a transaction where the subject of the transaction was primarily for personal, family, or household purposes.

6. Defendant is a "full service collection agency" that provides debt collection services to "many of our nation's most recognized banks, financial institutions, retailers, universities, and debt purchasers." Defendant is a limited liability company organized under the laws of the state of New York with its principal place of business located at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York.

7. Defendant is a debt collector, as defined by 15 U.S.C. § 1692a, because it is a person who use any instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, and because it regularly use the mails and/or telephones to collect, or attempt to collect, directly or indirectly consumer delinquent debts owed or due or asserted to be owed or due another.

8. Defendant is a "person" as defined by 47 U.S.C. §153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTUAL ALLEGATIONS**

10. The instant action arises out of Defendant's attempts to collect upon a debt ("subject debt") Plaintiff is said to owe to Reliant Energy Retail ("Reliant").

11. Upon information and belief, Defendant began collecting upon the subject debt after Reliant charged off the subject debt.

12. After charging off the subject debt, Reliant ceased sending Plaintiff periodic statements, and thus ceased adding interest or other fees on the subject debt, in turn demonstrating that Reliant waived collection of additional amounts on the subject debt.

13. Within the one (1) year preceding the filing of this Complaint, Defendant communicated and/or attempted to communicate with Plaintiff in an attempt to collect the subject debt.

14. On or about August 14, 2018, Defendant mailed or caused to be mailed to Plaintiff a "dunning" letter ("Dunning Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff. *See Defendant's Dunning Letter to Plaintiff, attached hereto as **Exhibit "A".***

15. Defendant's Dunning Letter states, in part: "Interest and/or fees will not accrue while your account is placed with [Defendant]." This language will hereinafter be referred to as the "interest/fee language."

16. Although Defendant includes this interest/fee language in its Dunning Letter, the subject debt could not properly accrue interest since Reliant had charged off the debt and thus had waived any ability to collect further interest and fees in connection with the subject debt.

17. As such, Defendant's use of the interest/fee language misrepresented its lawful ability to add these interest in fees.

18. All of Defendant's collection actions at issue occurred within one year of the date of the filing of the Complaint in this matter.

**CLASS ACTION ALLEGATIONS**

19. Plaintiff brings this action on her own behalf and as a class action on behalf of the following class:

> All persons within the state of Texas who received a Dunning Letter during the one year preceding the filing of this action through the date of class certification from Defendant that contained language substantially similar as the Dunning Letter attached hereto as Exhibit A.

20. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(a).

21. The Class consists of hundreds or more persons throughout the United States, such that joinder of all Class members is impracticable.

22. There are questions of law and fact that are common to the Class members that relate to Defendant's violations of the FDCPA and TDCA, particularly because these are form Dunning Letters and are based on a common course of conduct by Defendant.

23. The claims of Plaintiff are typical of the claims of the proposed Class because they are based on the same legal theories, and Plaintiff has no interest that are antagonistic to the interests of the Class members.

24. Plaintiff is an adequate representative of the Class and has retained competent legal counsel experienced in class actions and complex litigation.

25. The questions of law and fact common to the Class predominate over any questions affecting only individual Class members, particularly because the focus of the litigation will be on the conduct of Defendant. The predominant questions of law and fact in this litigation include, but are not limited to: (i) whether Defendant violated the FDCPA and TDCA by sending Dunning Letters to Class members using the "interest/fee language"; (ii) whether Defendant had the lawful

ability to charge interest and fees on a debt previously charged off by the original creditor; and (iii) the type and amount of relief to which the Plaintiff and Class members are entitled.

26. A class action is superior to other available methods for the fair and efficient adjudication of this controversy, as the pursuit of hundreds of individual lawsuits would cause a strain on judicial resources and could result in inconsistent or varying adjudications, yet each Class member would be required to prove an identical set of facts in order to recover damages.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges paragraphs 1 through 26 as though fully set forth herein.

### a. Violations of 15 U.S.C § 1692e

28. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

29. In addition, this section enumerates specific violations, such as:

> "The false representation of – the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2).

> "The threat to take any action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

30. Defendant violated 15 U.S.C. §§ 1692e, e(2), e(5), and e(10) by falsely representing in its Dunning Letter that it had the ability to add interest and fees to the subject debt. The Dunning Letter's "interest/fee language" states, in pertinent part: "Interest and/or fees *will not* accrue while your account is placed with [Defendant]." (emphasis added). By using the word "will not," rather than "cannot" (or language substantially similar), Defendant's statement suggests that it *could* add interest and/or fees, but was making some sort of magnanimous choice not to add such additional

fees while the account was placed with Defendant. When a person uses the word "will," such a statement assumes both the potential and an express commitment to do an action. Therefore, by saying it "will not" add interest/fees, such a statement assumes Defendant had the *potential* to add interest/fees, but that it was expressly committing not to do so. Regardless of whether a debt collector *will* add interest or fees on a debt, § 1692e prohibits a debt collector from falsely or misleadingly representing that it *could* add such interest or fees. Defendant intentionally chose to utilize this language in order to impute a certain amount of fear in consumers that, if they failed to address the subject debt with Defendant, then a subsequent debt collector may add additional fees and interest – even though such interest and fees were not properly collectible since Reliant had waived the collection of such amounts once it charged off the subject debt. Defendant used its deceptive language in an attempt to unduly persuade Plaintiff to address the subject debt with Defendant, lest she be subjected to additional interest or fees by a subsequent debt collector.

WHEREFORE, Plaintiff, DONNA G. SANCHEZ, respectfully requests that this Honorable Court grant the following:

  a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

  b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

  c. Statutory damages under 15 U.S.C. § 1692k(a);

  d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3); and

  e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

31. Plaintiff restates and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

33. Defendant is a "debt collector" and a "third party debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

34. The subject debt is a "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

    a. **Violations of TDCA § 392.304**

35. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(8), prohibits debt collectors from "misrepresenting the character, extent, or amount of a consumer debt . . . ." The TDCA, pursuant to Tex. Fin. Code Ann. § 392.304(a)(19), further prohibits a debt collector from "using any other false representation or deceptive means to collect a debt or obtain information concerning a consumer."

36. Defendant violated the above referenced portions of the TDCA through its use of the interest/fee language and the misrepresentations as to its ability to add additional amounts on the subject debt. As outlined above, Defendant was precluded from adding any additional amounts. Nevertheless, Defendant's Dunning Letter misrepresents that it *could* add such charges, yet was making some sort of magnanimous choice not to do so.

WHEREFORE, Plaintiff, DONNA G. SANCHEZ, respectfully requests that this Honorable Court grant the following:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Certification of the Class requested above and appointment of the Plaintiff as Class Representative and of her counsel as Class Counsel;

    c. Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1).

    d. Awarding Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2).

  e. Awarding Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

  f. Awarding Plaintiff costs and reasonable attorney fees, pursuant to Tex. Fin. Code Ann. § 392.403(b);

  g. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: October 19, 2018         Respectfully submitted,

| | |
|---|---|
| s/ Nathan C. Volheim (Lead Attorney) | s/Taxiarchis Hatzidimitriadis |
| Nathan C. Volheim, Esq. #6302103 | Taxiarchis Hatzidimitriadis, Esq. #6319225 |
| Counsel for Plaintiff | Counsel for Plaintiff |
| Admitted in the Northern District of Texas | Admitted in the Northern District of Texas |
| Sulaiman Law Group, Ltd. | Sulaiman Law Group, Ltd. |
| 2500 South Highland Ave., Suite 200 | 2500 South Highland Ave., Suite 200 |
| Lombard, Illinois 60148 | Lombard, Illinois 60148 |
| (630) 568-3056 (phone) | (630) 581-5858 (phone) |
| (630) 575-8188 (fax) | (630) 575-8188 (fax) |
| nvolheim@sulaimanlaw.com | thatz@sulaimanlaw.com |

s/ Eric D. Coleman
Eric D. Coleman, Esq. # 6326734
Counsel for Plaintiff
Admitted in the Northern District of Texas
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(331) 307-7648 (phone)
(630) 575-8188 (fax)
ecoleman@sulaimanlaw.com